UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-23073-KING

COLONY INSURANCE COMPANY,

      Plaintiff,

v.

MEDEROS CRYSTAL LAKE CONDO, LCC,
MARIE JACQUELINE CHOIZILME, as Personal
Representative of the Estate of WANS MARC
SAINT JUSTE, Deceased, and GREAT
AMERICAN INSURANCE COMPANY,

      Defendants.
_____/

GREAT AMERICAN INSURANCE COMPANY,

      Counter-Plaintiff,

v.

COLONY INSURANCE COMPANY, MEDEROS
CRYSTAL LAKE CONDO, LLC, and MARIE
JACQUELINE CHOIZILME, as personal
representative of the Estate of WANS MARC SAINT
JUSTE, Deceased,

      Counter-Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S AND DEFENDANT/COUNTER-PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon cross-motions for summary judgment.

Plaintiff filed its motion (DE #17) on August 13, 2010. Defendant Great American

Insurance Company ("GAIC"), who is also a Counter-Plaintiff, filed its own motion for

summary judgment (DE #21) on September 10, 2010. The remaining Defendants failed to respond to either motion.[1]

This matter revolves around insurance coverage issued by Plaintiff Colony Insurance Company and Defendant/Counter-Plaintiff GAIC to Defendant Mederos Crystal Lake Condo, LLC ("MCLC"). Defendant MCLC entered into insurance contracts with both Plaintiff and GAIC regarding future liability arising from its multi-family residential property located at 4100-4210 N.W. 21st Avenue, Oakland Park, FL 33309. Under the terms of those agreements, certain of Defendant MCLC's liability would be covered by Plaintiff, which issued the primary layer of insurance, and GAIC, which issued an umbrella policy providing certain coverage beyond that provided by Plaintiff. During the period of that insurance coverage, a fatal shooting of a non-resident occurred on Defendant's premises. Defendant is now being sued by a third-party, the Personal Representative of the deceased non-resident, in a separate action. At issue in this declaratory judgment action brought by Plaintiff is whether Plaintiff or Defendant/Counter-Plaintiff GAIC is liable to the Personal Representative on Defendant MCLC's behalf where an authorized representative allegedly misrepresented certain terms in the underlying insurance applications. Because there are no genuine issues of material fact, the Court finds that the Plaintiff Colony Insurance Company's and Counter-Plaintiff Great American Insurance Company's motions must each be granted.

I. **Background**

After carefully reviewing the record, the Court determines that the following material facts are not in dispute. On June 13, 2006, Jorge Mederos, as authorize

---

[1] Because the Court finds there are no material issues of disputed facts, this matter is ripe for consideration, notwithstanding several of the Defendants' failure to respond to the underlying dispositive motions.

representative for Defendant MCLC, applied for an umbrella, or co-insurance, policy with GAIC. At that time, Mr. Mederos stated on his application that Mederos Crystal Lake Condo was a condominium property. In reliance on Mr. Mederos's statement, GAIC issued an umbrella insurance policy, which was valid from July 29, 2008 to July 29, 2009. Under the terms of that policy, GAIC is liable to Defendant MCLC only in the event that damages exceed $1,000,000.

On July 25, 2008, Mr. Mederos also applied for a commercial insurance policy with Plaintiff Colony Insurance Company. Like he had with GAIC, Mr. Mederos indicated to Plaintiff Colony Insurance that MCLC consisted of condominiums. Additionally, Mr. Mederos stated in his application that there had been no violations of "any city, county or state housing code within the last three years." (DE #1-A at 6). Plaintiff, based upon the representations made by Mr. Mederos, issued an insurance policy to Defendant MCLC, covering the time period from July 28, 2008 through July 28, 2009. According to its terms, the insurance policy provided coverage for commercial general liability, with a general aggregate limit of $2,000,000. (DE #1-2 at 22).

On April 26, 2009, during the time of the policy's coverage, a non-resident of MCLC, Wans Marc Saint Juste, was shot and killed on the premises. Mr. Juste's Personal Representative, Marie Jacqueline Choizilme, has since filed a claim against MCLC, seeking damages for Mr. Juste's death. Presumably, if Ms. Choizilme's suit is successful, the insurance policy issued by Plaintiff to Defendant MCLC would be implicated, as would the umbrella coverage provided by GAIC.

This suit for declaratory relief by Plaintiff followed. Specifically, Plaintiff seeks declaratory decree holding that Plaintiff's obligations to provide insurance coverage to

Defendant MCLC is void because it misrepresented its status as a condominium complex and its history of building code violations. Defendant/Counter-Plaintiff GAIC filed a Cross-Claim/Counterclaim seeking similar relief (DE #5). After careful consideration, the Court determines that both motions for summary judgment must be granted.

## II.     Standard for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in

support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

Where, as here, the opposing parties have submitted cross-motions for summary judgment, the court need not decide in favor of one party or the other. *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (noting that cross-motions for summary judgment need not result in the granting of summary judgment). Instead, the court must evaluate each motion on its own merits, just as when only one party moves for summary judgment. *See id.* In other words, rejecting one cross-motion does not mean that the other must be granted.

Additionally, it must be noted that, while a litigant is required under the Local Rules of the Southern District of Florida to respond to an opposing party's motion for summary judgment, failure to do so cannot result in a default grant of summary judgment on the movant's behalf. *Kinder v. Carson*, 127 F.R.D. 543 (S.D. Fla. 1989). As noted in *Kinder*, where the Local Rules conflict with the Federal Rules, the Federal Rules control. *Id.* at 544-45. The Federal Rules are clear that summary judgment may only be entered "if appropriate." Fed. R. Civ. P. 56(e). Therefore, even when a non-movant fails to respond to a motion for summary judgment, the record must support any determination made by the court. *Cf. Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989); *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985) (finding default summary judgment improper).

### III. Discussion

This matter is before the Court in a unique posture in that the two motions for summary judgment, while filed by opposing parties, do not in truth oppose one another.[2] This is due to the nature of the movants' status as insurers of Defendant MCLC. Therefore, the Court will discuss each motion individually.

#### A. Plaintiff Colony Insurance Company's Motion for Summary Judgment

Plaintiff argues in its motion for summary judgment that the insurance contract entered into by Plaintiff and Defendant MCLC is void *ab initio* due to misrepresentations made by MCLC in applying for insurance coverage.[3] In short, Plaintiff claims that two misrepresentations by MCLC's agent, Jorge Mederos, vitiate the contract entered into by the parties. The first misrepresentation involves Mr. Mederos's description of MCLC as condominiums in his insurance application, (DE #1-A at 1), notwithstanding that the subject property is instead admitted to be an apartment complex. (DE #20 at 1). The second misrepresentation involves Mr. Mederos's failure to disclose any state, city or county housing codes within the previous three years. (DE #1-A at 6). Upon investigation by Plaintiff subsequent to Mr. Juste's death, Plaintiff learned that MCLC had been in violation of the Code of Ordinance of the City of Oakland Park, FBC.117.1 (Unsafe Buildings) and FBC.117.2.1.2.3 (Building Partially Destroyed). Am. Compl. ¶¶33-34; (DE #1-2 at 1-2).

---

[2] Indeed, as noted by GAIC in its initial Answer, "Great American's position is not substantially adverse to Colony's position." (DE #5 at 7).

[3] In the alternative, Plaintiff also argues that, because insurance coverage is only provided where it is "caused by or result[s] from" the business of a condominium association under the policy's explicit terms, such coverage cannot be implicated where MCLC is not a condominium association. (DE #17 at 3). The Court need not decide this issue.

As noted above, no defendant aside from GAIC has filed a response to Plaintiff's motion. Therefore, this Court will apply the law to the record evidence without the assistance of briefs by any of the real Defendants-in-interest hereto.

As correctly noted by Plaintiff, a material misrepresentation made by an individual or corporation in applying for insurance coverage may render an insurance policy void *ab initio*. Section 627.409, Florida Statutes, provides in relevant part as follows:

> (1) ... A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.[4]
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

*See Cont'l Assurance Co. v. Carroll*, 485 So. 2d 406, 407-08 (Fla. 1986); *Nat'l Union Fire Ins. Co. v. Sahlen*, 999 F.2d 1532, 1536 (11th Cir. 1993). Neither provision requires this Court to decide whether the misrepresentations in question were intentional or unintentional. *See Carroll*, 485 So. 2d at 409.[5]

At least explicitly, Plaintiff has not alleged that MCLC's misrepresentations regarding either its status as a condominium association or a building code violation were material "either to the acceptance of the risk or the hazard assumed by the insurer." Fla.

---

[4] Plaintiff correctly notes that, under Florida law, a misstatement under this section need not be purposeful so long as it materially affects risk. (DE #17 at 8). *See also Cont'l Assurance Co. v. Carroll*, 485 So. 2d 406, 409 (Fla. 1986).

[5] As noted by the *Carroll* court, any misrepresentation would result in a mutual mistake of fact, regardless of the intent underlying the misrepresentation. *Carroll*, 485 So. 2d at 409.

Stat. § 627.409(1)(a). Instead, Plaintiff seemingly desires to proceed under subsection (b) of Section 627.409(1), Florida Statutes. As noted above, under Section 627.409(1)(b), an insurer is not liable where the policy, but for the misrepresentation, either would not have been issued or would not have been issued on the same terms. Fla. Stat. § 627.409(1)(b); *Home Guaranty Ins. Corp. v. Numerica Fin. Svcs., Inc.*, 835 F.2d 1354, 1355 (11th Cir. 1988); *Nationwide Mut. Fire Ins. Co. v. Kramer*, 725 So. 2d 1141, 1142 (Fla. 2d DCA 2000). In support of its claim that subsection (b) applies, Plaintiff has submitted an affidavit from Eileen M. Powers, Assistant Vice President of Colony Insurance Company, in which she claims that MCLC's misrepresentations would have affected Plaintiff's offer of insurance. Specifically, she states that

> "[h]ad [Plaintiff] been informed that the subject property were apartments, not condominiums, Colony would have issued the Policy with an endorsement limiting the amount of coverage available for damages arising from assault and battery, and would have issued the Policy with a much higher premium."

(DE #19-1 at ¶10). Similarly, as to MCLC's second misrepresentation regarding building code compliance, Ms. Powers states that "[h]ad [Plaintiff] been informed of the violations of the city, county or state housing code within the last three years of applying for insurance and been provided the details of the violations, [Plaintiff] would not have issued the Policy to" MCLC. (DE #19-1 at ¶14). Although Plaintiff need not demonstrate that the misrepresentations are material "to either the acceptance of the risk or to the hazard assumed by the insurer" as it would if it proceeded under subsection (a), nonetheless the misrepresentations must be material enough that they affect either Plaintiff's decision to provide insurance coverage or its determination regarding appropriate premiums.

8

Plaintiff has satisfied its burden on Section 627.409(1)(b), Florida Statutes. Based on the affidavit supplied by Plaintiff, it is clear that the misrepresentations made by Jorge Mederos, as authorized representative for Defendant MCLC, were so significant to Plaintiff that, if the truth had been known, Plaintiff would either have not issued the insurance or would have issued it with a higher premium and/or limiting conditions. Although Defendants' failure, with the exception of GAIC, to file any facts contradicting Plaintiff's statements is noteworthy, it is apparent to the Court that any such facts would be unavailing. Where, as here, an individual or corporation applies for insurance and misrepresents parts of its application that would affect either the terms or the issuance of insurance, an insurance contract may be rendered void *ab initio*. Such is the purpose of Section 627.409, Florida Statutes.

### B. Defendant/Counter-Plaintiff Great American Insurance Company's Motion for Summary Judgment

Like Plaintiff Colony Insurance Company, Defendant/Counter-Plaintiff GAIC relies upon Mr. Mederos's alleged misrepresentation regarding the status of MCLC as a condominium association as the basis for rescinding the insurance contract entered into by the parties. Indeed, rather than opposing Plaintiff's motion for summary judgment, GAIC, having itself issued an umbrella insurance policy to Defendant MDLC, reiterates the same arguments put forth by Plaintiff. (DE #21).

In support of its position, GAIC has submitted the affidavit of Carolyn Miller, who serves as the Assistant Vice President of Commercial Casualty Underwriting. (DE #23-1). Ms. Miller, like Ms. Powers, states that Mr. Mederos, when applying for an insurance policy, indicated that MCLC consisted of condominiums. *Id.* at ¶8. Moreover, Ms. Miller states that, if GAIC had known that MCLC consisted of apartments rather

9

than condominiums, "[GAIC] would have issued a Policy with a significantly higher premium." *Id.* at ¶11. Additionally, "the amount of coverage available to Mederos for damages ... would have been limited ..." *Id.* at ¶12.

Similar to this Court's conclusion regarding the application of Section 627.409(1)(b), Florida Statutes, in regards to Plaintiff, GAIC has also satisfied its statutory burden of proof. The only record evidence indicates that, if Mr. Mederos had completed his insurance application with GAIC correctly, GAIC would not have issued the insurance at the rate at which it did. As noted by the Supreme Court of Florida in *Carroll*,

> The plain meaning of [Section 627.409.1, Florida Statutes] indicates that, where either an insurer would have altered the policy's terms had it known the true facts or the misstatement materially affects risk, a nonintentional misstatement in an application will prevent recovery under an insurance policy. The statute recognizes the principle of law that a contract issued on a mutual mistake of fact is subject to being voided and defines the circumstances for the application of this principle.

*Carroll*, 485 So. 2d at 409 (internal citation omitted). Under Section 627.409(1)(b), this is sufficient to permit the contract with MCLC to be declared void *ab initio*.

### IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Plaintiff's Motion for Summary Judgment (DE #17) be, and the same is, hereby **GRANTED**.

2. Defendant/Counter-Plaintiff Great American Insurance Company's Motion for Summary Judgment (DE #21) on its own Cross-Claim/Counterclaim is **GRANTED**.

3. The above-styled case is hereby **DISMISSED WITH PREJUDICE.** Jurisdiction is reserved for a determination of fees and costs.

4. All dates stated in the Scheduling Order (DE #6) are hereby **CANCELLED.**

5. The Clerk shall **CLOSE** this case and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 19th day of October, 2010.

```
                            /s/ James Lawrence King
                            HONORABLE JAMES LAWRENCE KING
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA
```

cc:
**Counsel for Plaintiff/Counter Defendant**
**Candy Lea Messersmith**
Rumberger Kirk & Caldwell
300 S Orange Avenue
Suite 1400 PO Box 1873
Orlando, FL 32802-1873
407-872-7300
Fax: 835-2071
Email: cmessersmith@rumberger.com

**Joshua D. Lerner**
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
305-358-5577
Fax: 371-7580
Email: jlerner@rumberger.com

**Nicole Sieb Smith**
Rumberger, Kirk & Caldwell, P.A.
Brickell Bay Centre
Suite 3000
80 S.W. 8th Street
Post Office Box 01-9041

Miami, FL 33101
305-358-5577
Fax: 305-371-7580
Email: nsmith@rumberger.com

**Counsel for Defendant MCLC**
**Thomas A. Culmo**
Culmo Trial Attorneys
4090 Laguna Street
Coral Gables, FL 33146
305-200-5281
Fax: 305-200-5476
Email: Tom@culmotrialattorneys.com

**Counsel for Defendant Marie Jacqueline Choizilme**
**James Curtis Blecke**
330 Alhambra Circle, First Floor
Coral Gables, FL 33134
305-446-5700
Email: jcblecke@bellsouth.net

**Counsel for Defendant/Counter-Plaintiff GAIC**
**Krystina Noelle Jiron**
Atkinson & Brownell PA
2 S Biscayne Boulevard
One Biscayne Tower Suite 3750
Miami, FL 33131
305-376-8840
Fax: 376-8841
Email: knjiron@atkinsonbrownell.com